```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JINNY MULLEN,                                                :
                                                             :
                        Plaintiff,                           :
                                                             :       REPORT AND
               -against-                                     :       RECOMMENDATION
                                                             :
UNITED STATES OF AMERICA,                                    :       19 Civ. 6523 (GRB) (VMS)
                                                             :
                        Defendant.                           :
                                                             :
------------------------------------------------------------ x
```

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Jinny Mullen ("Plaintiff") moves to enforce her settlement agreement with Defendant United States of America (the "United States"). See ECF No. 17. For the reasons set forth below, this Court respectfully recommends that this action be transferred to the Court of Federal Claims.

I. **Factual And Procedural Background**

In response to the Court's receipt of a settlement in principle between Plaintiff and the United States, the District Court dismissed this action "without prejudice to its reinstatement should the settlement not be consummated." See Order Dismissing Case dated 2/11/2021. The District Court's Dismissal Order also stated that "[b]arring any further requests for an extension within 45 days of this order, this dismissal shall [be] deemed with prejudice." See id. Neither party raised an issue regarding the consummation of the settlement agreement within the 45-day period, nor moved for an extension to do so. The District Court's Dismissal Order does not incorporate the terms of the parties' settlement agreement nor does it explicitly indicate an intention to retain jurisdiction over enforcement of the settlement agreement.

More than four months after dismissal, Plaintiff filed a letter seeking a conference before

the Court to discuss the United States's compliance with the settlement agreement.  See ECF No. 15.  Plaintiff filed another letter requesting a court conference to discuss a possible resolution of the United States's alleged failure to comply with the settlement agreement.  See ECF No. 17.  The Court ordered briefing from the parties explaining the basis for jurisdiction over the disagreement.  See Orders dated 6/28/2021, 7/19/2021.  The parties filed a joint letter explaining their opposing positions as to whether this Court has jurisdiction over the dispute as to whether the United States complied with a particular provision in the text of the settlement agreement.  See ECF No. 20.  The Court scheduled a telephone conference to discuss the issues raised by counsel, and requested that Plaintiff file a copy of the settlement agreement as an exhibit prior to the telephone conference.  See Dkt. Entry 8/3/2021; Order dated 8/23/2021.  The Court held the telephone conference.  See Minute Entry 8/25/2021.  At the telephone conference, Plaintiff reported that she had received the settlement payment from the United States on June 15, 2021, and the United States confirmed that it had sent the settlement payment to Plaintiff on June 11, 2021.  See ECF No. 23.

**II.     Discussion**

The crux of Plaintiff's argument is that the text of the settlement agreement required the United States to send the settlement payment to Plaintiff's counsel, instead of wiring the settlement payment directly to Plaintiff, which is what the United States had done.  See ECF No. 15; ECF No. 20 at 1.  The Court therefore construes Plaintiff's requests for conferences before the Court to resolve the dispute as a motion to enforce the settlement agreement.

The Court lacks jurisdiction over the current dispute.  A settlement is a form of contract, and a dispute regarding the term of a settlement gives rise to a cause of action that is separate from that of the underlying dispute.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S.

2

Case 2:19-cv-06523-GRB-VMS   Document 24   Filed 02/04/22   Page 3 of 5 PageID #: 81

375, 378 (1994). The District Court did not so-order the settlement agreement at issue here, nor did the District Court's Dismissal Order incorporate any provision of the settlement agreement, let alone indicate an intent that this Court would retain jurisdiction over its enforcement. See Order Dismissing Case dated 2/11/2021. As such, this Court does not have ancillary jurisdiction over the current dispute. See Scelsa v. City Univ. of New York, 76 F.3d 37, 41 (2d Cir. 1996) (finding that a court may only exercise ancillary jurisdiction to enforce a settlement agreement if it "manifested an intent to retain jurisdiction or made the agreement part of its order of dismissal"); Kahlon v. Yitzhak, 270 F. Supp. 3d 583, 590 n.3 (E.D.N.Y. 2017) ("It is clearly established that a court may only exercise ancillary jurisdiction to enforce a settlement agreement if it 'manifested an intent to retain jurisdiction or made the agreement part of its order of dismissal.' Here, the Court did neither." (citation omitted)).

When a district court lacks ancillary jurisdiction over the enforcement of a settlement agreement, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." Kokkonen, 511 U.S. at 382. "[Plaintiff has] not identified such an 'independent basis for federal jurisdiction,' and there appears to be none in the district courts." Hendrickson v. U.S., 791 F.3d 354, 362-63 (2d Cir. 2015) (remanding motion to enforce settlement agreement with the United States to district court with instructions to transfer case to Court of Federal Claims). Claims such as Plaintiff's claim to enforce a settlement agreement with the United States fall within the ambit of the Tucker Act, which grants the Court of Federal Claims jurisdiction over "any claim against the United States founded . . . upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). Under 28 U.S.C. § 1631, if a claim is filed in a court that lacks jurisdiction over it, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . .

could have been brought at the time it was filed." "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990) (internal quotation marks & citation omitted). "Factors militating for a transfer include a finding that a new action filed by the litigant would be barred as untimely, and a finding that the original action was filed in good faith." Liriano v. U.S., 95 F.3d 119, 122 (2d Cir. 1996) (citations omitted), as amended (Oct. 7, 1996). Here, "there is no evidence that Plaintiff['s] choice to move for enforcement of the Settlement Agreement in the district court was the product of anything other than a good-faith mistake or error in interpreting the law." Hendrickson, 791 F.3d at 363. I find that Plaintiff satisfies the requirements for transfer of this action to the Court of Federal Claims. See, e.g., Mavashev v. U.S. Attorney's Off. for E. Dist. of New York, No. 19 Civ. 1754, 2019 WL 4087857, at *4 (E.D.N.Y. Aug. 28, 2019); Hendrickson, 791 F.3d at 363.[1]

---

[1] Plaintiff briefly argues that "the Court would have jurisdiction to consider a motion pursuant to FRCP 60." See ECF No. 20 at 2. Plaintiff has not made a Rule 60 motion, and the Court declines to convert Plaintiff's motion to enforce the settlement agreement into one. Plaintiff's submissions do not address which grounds under Rule 60(b) Plaintiff would move under, nor do Plaintiff's submissions address the standard that relief under Rule 60(b) is extraordinary and should be granted only "upon a showing of exceptional circumstances." See U.S. v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001); accord Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Moreover, Plaintiff's latest iteration of the dispute states that Plaintiff's counsel and Plaintiff "have come to an agreement with regards to disbursing the settlement funds" and now seek a letter from the United States regarding the tax consequences despite the text of the settlement agreement waiving any such requirement of the United States. See ECF No. 17; ECF No. 20 at 1; ECF No. 21 ¶ 9. The Court would be hard-pressed to find that this constitutes extraordinary circumstances, especially given that Plaintiff has another avenue to resolve her dispute, i.e., by pursuing it before the Court of Federal Claims. See U.S. v. Bank of N.Y., 14 F.3d 756, 760 (2d Cir. 1994) ("A failure to properly estimate the loss or gain from entering a settlement agreement is not an extraordinary circumstance that justifies relief under Rule 60(b)(6)."); Wagner Spray Tech Corp. v. Wolf, 113 F.R.D. 50, 53 (S.D.N.Y. 1986) ("[The movant's] interest in undoing the results of a litigation strategy which, in hindsight, appears unwise fails to outweigh the judiciary's interest in the finality of judgments."); Nemaizer, 793 F.2d at 59-60 (A party cannot use Rule 60(b) to undo the "legal consequences of a stipulation [with prejudice] simply because, with the benefit of hindsight, stipulating turns out to have been

4

### III. Conclusion

For the foregoing reasons, this Court respectfully recommends that the District Court transfer the motion to enforce the settlement agreement to the Court of Federal Claims one week after the adoption of this report and recommendation, if it is adopted.

### IV. Objections

A copy of this report and recommendation is being provided to all counsel via ECF. Any written objections must be filed with the Clerk of the Court within fourteen (14) days of the filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14)-day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (citations omitted).

Dated: Brooklyn, New York
February 4, 2022

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

---

an unfortunate tactic."); Rossi v. Stevens, 651 Fed. App'x 55, 57 (2d Cir. 2016) ("availability of alternative causes of action or remedies for injuries flowing from a breach of a settlement agreement is a permissible rationale for denying relief under FRCP 60(b)(6)" (citation omitted)); Stonewall Ins. Co v. Nat'l Gypsum Co., No. 86 Civ. 9671 (JSM), 1992 WL 51567, at *7 (S.D.N.Y. Mar. 9, 1992) (denial of Rule 60(b)(6) relief is proper where an "alternative remedy exists").